UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

LUIS BARRAZA LAGUNA, *et al.*,

Petitioners,

v.

JULIO HERNANDEZ, *et al.*,

Respondents.

CASE NO. 2:26-cv-00864-GJL

ORDER DENYING MOTION FOR SANCTIONS

Currently before the Court is Petitioner Yauheni Dauzhanok's Motion to Enforce and for Sanctions.[1] Dkt. 18. On August 14, 2026, the Court granted, in part, Petitioner's Motion to the extent he sought enforcement of the Court's Order and Judgment entered on April 9, 2026. Dkt. 22. However, the Court deferred ruling on Petitioner's request for sanctions until Respondents had an opportunity to respond. *Id.* Petitioner's Motion for Sanctions is now fully briefed and ready for consideration. Dkts. 18, 24, 26.

Upon review, the Court does not find that Respondents willfully disobeyed the Court's Order and Judgment and thus declines to impose sanctions. Accordingly, Petitioner's Motion for Sanctions (Dkt. 18) is **DENIED**.

[1] The Parties have consented to proceed in this matter before a United States Magistrate Judge. Dkt. 11.

## I. LEGAL STANDARD

"Federal courts possess certain inherent powers, not conferred by rule or statute, to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Am. Unites for Kids v. Rousseau*, 985 F.3d 1075, 1088 (9th Cir. 2021) (quoting *Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 107 (2017)). A court may impose such a sanction "pursuant to civil procedures" so long as it is "compensatory rather than punitive in nature." *Goodyear*, 581 U.S. at 108. A compensatory sanction "may go no further than to redress the wronged party for losses sustained; it may not impose an additional amount as punishment for the sanctioned party's misbehavior." *Id.* (cleaned up).

A district court may act under its inherent authority to impose compensatory sanctions "either for willful disobedience of a court order or when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Am. Unites for Kids*, 985 F.3d at 1090. "[A] determination that a party was willfully disobedient is different from a finding that a party acted in bad faith. Either supports the imposition of sanctions." *Evon v. L. Offs. of Sidney Mickell*, 688 F.3d 1015, 1035 (9th Cir. 2012).

Petitioner here seeks compensatory sanctions based on alleged willful disobedience.[2] A willful violation of a court order "does not require proof of mental intent such as bad faith or an improper motive." *Am. Unites for Kids*, 985 F.3d at 1090. "[R]ather, it is enough that a party acted deliberately." *Id.* This standard is satisfied upon evidence showing that the offending party took deliberate action with knowledge that the action would contravene a binding court order.

[2] The Court notes that, while Petitioner briefly references "bad faith," he unequivocally contends that "[w]illful disobedience of a court order is the situation at issue in this case." Dkt. 18 at 8 (internal quotation omitted). Additionally, the caselaw and arguments presented by Petitioner principally concern willful disobedience, not bad faith. *Id.* at 8–10; *see also* Dkt. 26. Thus, the Court does not construe the instant Motion as alleging bad faith and, in any case, the factual record presently before the Court would not support the imposition of sanctions on that basis.

*See, e.g.*, *Evon*, 688 F.3d at 1035 (affirming imposition of sanctions where attorney did not act in bad faith or with improper purpose but nevertheless engaged in conduct he knew would violate a court order); *Cantero Garcia v. Wamsley*, No. 2:25-CV-02092-TMC, 2026 WL 2411545, at *3–4 (W.D. Wash. Aug. 13, 2026) (imposing sanctions for willful disobedience where the government transferred a noncitizen without providing notice to his counsel in violation of a court order and acknowledged that notice should have been provided).

Finally, to impose compensatory sanctions, the court "must apply a 'but-for' causation standard." *Am. Unites for Kids*, 985 F.3d at 1089 (quoting *Goodyear*, 581 U.S. at 109). "In other words, but for the sanctionable misconduct, would there be any harm warranting compensatory relief? If so, a sanction might be available but must be limited to compensating for the specific harm." *Id.* at 1089–90.

## II. DISCUSSION

In his Motion, Petitioner requests the imposition of compensatory sanctions and contends that Respondents willfully disobeyed the Court's Order and Judgment by imposing GPS monitoring as a condition of Petitioner's release. Dkt. 18 at 8–10; Dkt. 26. The Court has already concluded that Respondents' imposition of the GPS monitoring requirement contravened its directive that Petitioner be released under the same conditions "in place" at the time of his re-detention. Dkt. 22 at 3–4 (citing Dkt. 15 at 17). Respondents contend that their noncompliance with the Court's directive was the result of a regrettable misunderstanding, not willful disobedience. Dkt. 24. The Court agrees with Respondents and concludes that sanctions are not warranted.

This case is distinguishable from cases in which courts have found willful disobedience sufficient to support an award of compensatory sanctions. In *Evon*, for example, the Ninth Circuit affirmed sanctions against an attorney who was aware of the requirements of a protective

order, understood that a filing would violate that order, and nevertheless deliberately proceeded with the filing. *Evon*, 688 F.3d at 1035. Similarly, a court in this District recently imposed compensatory sanctions upon finding that the government willfully disobeyed a court order prohibiting the transfer of a noncitizen during the pendency of their federal habeas proceedings without first providing notice. *Cantero Garcia*, 2026 WL 2411545, at *3–4. Following oral argument, the government submitted evidence demonstrating that plans to transfer the noncitizen had been made while the court's order remained in effect and acknowledged that notice of the transfer should have been provided. *Id.* The court therefore found that the violation of the court order was willful and awarded compensatory sanctions on that basis. *Id.*

Here, by contrast, Respondents have submitted evidence demonstrating that their conduct in contravention of the Court's Order and Judgment resulted from a mistaken understanding of the Court's directive as applied to the particular facts of Petitioner's case, rather than a deliberate decision to disobey it. Specifically, Respondents submit evidence demonstrating that, at the time of Petitioner's re-detention, GPS monitoring was reflected as a condition of Petitioner's release in the Alternatives to Detention ("ATD") system. Dkt. 25 at 1–3. Although that planned condition was not formally executed and no GPS monitoring device was placed on Petitioner's person at the time of his re-detention, Respondents' evidence demonstrates that they understood the condition reflected in the ATD system to have been "in place" within the meaning of the Court's Order and Judgment. *Id.*

As the Court previously concluded, that understanding was incorrect, and Respondents' imposition of GPS monitoring upon Petitioner's release contravened the Court's directive. Dkt. 22 at 3–4. But the present record *does not* demonstrate that Respondents understood the Court's Order and Judgment to prohibit the previously-planned-but-unexecuted GPS monitoring requirement as a condition of Petitioner's release and that Respondents nevertheless deliberately

disregarded that prohibition. Rather, the evidence reflects Respondents' mistaken application of the Court's directive to the irregular circumstances surrounding the conditions of Petitioner's release the time of his re-detention.

Accordingly, the Court does not find that Respondents willfully disobeyed its Order and Judgment and declines to impose compensatory sanctions on that basis.

## III. CONCLUSION

For the above stated reasons, the Petitioner's Motion to Impose Sanctions (Dkt. 18) is **DENIED**.

Dated this 8th day of October, 2026.

Grady J. Leupold
United States Magistrate Judge